NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RETISH VIKASH SINGH,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 24-5740<br><br>Agency No.<br>A042-690-457<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Retish Vikash Singh seeks review of the Board of Immigration Appeals'

(BIA) dismissal of his appeal of an Immigration Judge's (IJ) decision denying his

claim for Convention Against Torture (CAT) protection.[1]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Singh was born in Fiji but entered the United States as a lawful permanent resident in 1994. In 2023, he was charged with removability under 8 U.S.C. §

We review "legal and constitutional questions de novo," *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1111 (9th Cir. 2024), and "both [the agency's] underlying factual findings and [its] application of the INA to those findings" for substantial evidence, *Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026); *see Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). We review the BIA's denial of a motion to remand for abuse of discretion. *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition and the motion for remand.

1. <u>CAT claim.</u> Substantial evidence supports the agency's finding of no individualized risk of torture.[2] To establish future risk of torture, "[t]he record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (emphasis in original). Contrary to Singh's contentions, the agency considered all

---

1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(A)(ii) for previous convictions including rape and kidnapping, but he is eligible for deferral of removal under CAT. 8 C.F.R. § 1208.17(a).

[2] Singh also claims fear of torture based on his status as a bisexual man and presented some evidence of harm towards members of the LGBTQ community in Fiji. The BIA determined that Singh waived that issue because he did not meaningfully address the IJ's conclusion that he presented insufficient evidence. Singh does not challenge the BIA's waiver determination on appeal, and therefore he has forfeited that theory. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

relevant considerations for future torture based on Singh's individual circumstances, including the harm he currently experiences due to past torture.

Further, substantial evidence supports the agency's finding that although Fiji had a history of unrest and political violence, country conditions have changed such that there is no evidence that the Fijian government is currently torturing political opponents. *See id.* at 980 ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture."). Nor does Singh's aunt's statement about soldiers threatening her sometime before November 2022 suffice to establish future torture. Singh does not rebut the agency's finding that this event could not have occurred while the current prime minister of Fiji held office. Even if it did, "cases with threats alone, particularly . . . vague ones, rarely constitute persecution," especially in light of there being no evidence of current torture against political opponents in Fiji. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *see also Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) (emphasizing that torture is an "extreme concept" that "does not include every sort of treatment our society regards as offensive") (citation omitted).

2. <u>Due process claim.</u>  For a due process claim, a petitioner must show that "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien [must] demonstrate[] prejudice, which means that the outcome of the proceeding may have been affected by the

alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (simplified). Singh claims that his right to due process was violated because the criminal convictions underlying his charge for removability tainted the IJ's decision, given that the IJ referenced his convictions and "admonished" Singh's criminal history. But Singh has not provided any evidence to support his theory. On the contrary, the IJ explained twice that Singh's convictions were irrelevant to whether he qualified for CAT protection, and acknowledged that protection under CAT is not discretionary if the requirements are met. Thus, Singh has not presented evidence of a due process violation.

3. <u>Motion to remand.</u>  A motion to remand based on newly obtained evidence must show that the evidence is material and that the evidence "could not have been discovered or presented at the former hearing." *Alcarez-Rodriguez*, 89 F.4th at 760. The BIA denied Singh's motion to remand based on his aunt's affidavit for several reasons, none of which constitute an abuse of discretion.

The BIA appropriately concluded that Singh's aunt's statement that she was forced to pay ransom for land use in Fiji would not affect the outcome of his claim. *See Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008). The BIA also reasonably concluded that the December 2023 incident involving soldiers coming to Singh's aunt's home was information available prior to Singh's hearing in March 2024 and thus could not serve as a basis for the motion to remand. Finally, Singh

did not show that his aunt's statement that she was threatened by soldiers sometime in March 2024 was unavailable prior to his hearing that same month. Even if it was unavailable, similarly to the threats his aunt received sometime prior to November 2022, the vague statement that Singh would be "hurt and put . . . in jail" upon return to Fiji, without more, does not rise to the level of torture required by this circuit. *Cf. Nuru v. Gonzales*, 404 F.3d 1207, 1218-20 (9th Cir. 2005) (holding that petitioner showed sufficient likelihood of future torture in his home country where among other things, after petitioner fled, the government closed petitioner's father's business and forcibly kidnapped his two brothers).

**DENIED**.